UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAMMUT INDUSTRIAL GROUP** ) <br>    No. 65 Lotfi Street ) <br>    Tehran, Iran ) <br> ) <br>                     *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> **ANDREA M. GACKI** ) <br> **in her official capacity as** ) <br>    **Director of the United States** ) <br>    **Department of the Treasury** ) <br>    **Office of Foreign Assets Control** ) <br>    1500 Pennsylvania Avenue, NW ) <br>    Freedman's Bank Building ) <br>    Washington, D.C. 20220 ) <br> ) <br>                     *Defendant,* ) <br> ) <br> and ) <br> ) <br> **THE UNITED STATES DEPARTMENT** ) <br> **OF THE TREASURY, OFFICE OF FOREIGN** ) <br> **ASSETS CONTROL** ) <br>    1500 Pennsylvania Avenue, NW ) <br>    Freedman's Bank Building ) <br>    Washington, D.C. 20220 ) <br> ) <br>                     *Defendant.* ) | Civil Action No. 20-3287 <br><br> **COMPLAINT FOR** <br> **DECLARATORY AND** <br> **INJUNCTIVE RELIEF** <br><br><br><br><br><br><br><br><br><br> **ECF** |

Plaintiff Mammut Industrial Group (hereinafter, "MIG") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of this complaint alleges the following:

## NATURE OF THE CASE

1. This lawsuit seeks the Court's intervention to enjoin Defendants from their unlawful designation of MIG as a sanctioned Specially Designated National and Blocked Person ("SDN") pursuant to Executive Order ("E.O.") 13382. That designation had the effect of adding MIG to OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

2. In designating MIG, Defendants made unsupported allegations that have no rational connection to the criteria of E.O. 13382 that they purport to rely on. OFAC's reliance on these allegations therefore was not in accordance with law.

3. Specifically, Defendants' September 21, 2020 Press Release announcing MIG's designation states that it was "designated for having provided, or attempted to provide, financial, material, technological or other support for, or goods or services in support of [Shahid Hemmat Industrial Group ("SHIG")], a person whose property and interests in property are blocked pursuant to E.O. 13382." Press Release, *Treasury Sanctions Key Actors in Iran's Nuclear and Ballistic Missile Programs*, U.S. Dep't of the Treasury, (Sept. 21, 2020).

4. OFAC's conclusory allegations, however, are general in nature, are unsupported, and even if taken as true—although they are not—appear to reference alleged historical activities. Indeed, OFAC's press release fails to identify a single transaction, course of dealing, or any specific conduct to support its determination that MIG provides support or services to SHIG.

5. Moreover, OFAC's September 25, 2020 Federal Register Notice, which sets forth the legal basis for MIG's designation, states that the designation was imposed pursuant to section 1(a)(iv) of E.O. 13382 "for having provided, or attempted to provide, financial, material, technological or other support for, or goods or services in support of, SHAHID HEMMAT

INDUSTRIAL GROUP, a person whose property and interests in property are blocked pursuant to E.O. 13382." 85 Fed. Reg. 60519-60520.

6. However, the legal basis for the designation cited by OFAC—section 1(a)(iv) of E.O. 13382—provides authority for the designation of "any person determined . . . to be owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to this order." Defendants have not alleged that MIG is owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked under E.O. 13382.

7. By designating MIG, Defendants have caused it irreparable harm by destroying its reputation and business interests and forcing MIG out of legitimate business operations and relationships with longstanding customers and suppliers around the world.

8. MIG therefore appeals to this Court to overturn and hold unlawful Defendants' September 21, 2020 designation, as Defendants' findings, conclusions, and actions in this matter violate the APA.

## JURISDICTION AND VENUE

9. This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

10. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

11. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

## THE PARTIES

12. Mammut Industrial Group is and was at all times relevant to this complaint a privately held company incorporated under the laws of the Islamic Republic of Iran, and is located at No. 65 Lotfi Street, Tehran, Iran.

13. On September 21, 2020, MIG was designated as a SDN under E.O. 13382 and its name was added to the SDN List maintained and administered by OFAC.

14. Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. OFAC is responsible for administering U.S. economic sanctions, including, *inter alia*, by designating persons under E.O. 13382 and restricting dealings with them under that authority and the implementing regulations located at 31 C.F.R. Parts 501 and 544, the "Reporting, Procedures and Penalties Regulations" and the "Weapons of Mass Destruction Proliferators Sanctions Regulations," respectively. OFAC imposed sanctions against MIG pursuant to authority delegated to it by the Secretary of the Treasury. 31 C.F.R. § 544.802.

15. Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

16. On September 21, 2020, Defendants issued a Press Release stating that MIG was designated as a SDN under E.O. 13382 "for having provided, or attempted to provide, financial, material, technological or other support for, or goods or services in support of SHIG, a person whose property and interests in property are blocked pursuant to E.O. 13382." Press Release,

*Treasury Sanctions Key Actors in Iran's Nuclear and Ballistic Missile Programs*, U.S. Dep't of the Treasury, (Sept. 21, 2020). That language reflects the designation criteria found in section 1(a)(iii) of E.O. 13382. On the same day, MIG was added to OFAC's SDN List.

17. On September 25, 2020, OFAC published a Federal Register Notice of MIG's designation that cited to a separate and distinct legal basis for designation—section 1(a)(iv) of E.O. 13382—which provides authority for the designation of "any person determined . . . to be owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to this order." 85 Fed. Reg. 60519-60520.

18. Defendants have not alleged that MIG is owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to this order.

19. Furthermore, the conclusory and unsupported allegations against MIG in Defendants' Press Release and Federal Register Notice do not provide any factual predicate for their determination that it meets the designation criteria contained in either section 1(a)(iii) or section 1(a)(iv) of E.O. 13382.

20. Specifically, Defendants' Press Release suggests that the designation is premised on the conclusory allegations that "[s]ince early 2000, [MIG] has supported the production of ballistic missile equipment for Iran's [Aerospace Industries Organization ("AIO")] and specifically, Shahid Hemmat Industrial Group (SHIG), Iran's primary developer of liquid propelled missiles. As of late-2019, Mammut Industries continued to support SHIG's production of ballistic missile equipment." Press Release, *Treasury Sanctions Key Actors in Iran's Nuclear and Ballistic Missile Programs*, U.S. Dep't of the Treasury, (Sept. 21, 2020). The Press Release

does not include any reasoning in support of OFAC's conclusion that MIG provided, or attempted to provide, financial, material, technological or other support for, or goods or services in support of SHIG. The Press Release also does not demonstrate that MIG is owned or controlled by, or acting or purporting to act for or on behalf of, directly or indirectly, SHIG or any other person blocked pursuant to E.O. 13382.

21. Moreover, the Press Release appears to reference alleged activities—without any corroborating or supporting information—that occurred up to twenty years ago, which would be historical in nature.

22. The allegations in Defendants' Press Release and Federal Register Notice announcing MIG's designation are the only information disclosed to MIG as to OFAC's bases, conclusions, and evidence supporting the designation. OFAC has not provided MIG with any portion of the evidentiary memorandum or supporting exhibits underlying the designation, nor any other information explaining its reasoning in support of the designation.

23. As a result of the designation, any property or interests in property in which MIG maintains an interest under U.S. jurisdiction is blocked, U.S. persons are prohibited from engaging in any transactions with MIG, and foreign persons, including foreign financial institutions, run the risk of U.S. sanctions designations for engaging in any significant transaction(s) with MIG.

## CAUSES OF ACTION

### COUNT I

DEFENDANTS' DESIGNATION OF MAMMUT INDUSTRIAL GROUP UNDER E.O. 13382 IS NOT SUPPORTED BY OR IN ACCORDANCE WITH RELIABLE, PROBATIVE, OR SUBSTANTIAL EVIDENCE, AND VIOLATES THE APA

24. MIG re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

25. Defendants' designation of MIG under E.O. 13382 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and/or in excess of statutory jurisdiction, authority, or limitations, or short of statutory right because it was not supported by or in accordance with reliable, probative, or substantial evidence in violation of 5 U.S.C. § 556(d).

26. Defendants' actions, findings, and conclusions based on that evidence therefore violate the APA and should be jointly or severally set aside by this Court.

## COUNT II

### DEFENDANTS' CONFLATION OF THE DESIGNATION CRITERIA UNDER E.O. 13382 VIOLATES THE APA

27. MIG re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

28. Defendants' conflation of the criteria for designation under E.O. 13382 in attempting to substantiate MIG's designation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

29. Defendants' Press Release announcing MIG's designation uses language invoking the designation criteria of section 1(a)(iii) of E.O. 13382. OFAC's Federal Register Notice, however, cites section 1(a)(iv) of E.O. 13382 as the legal basis for MIG's designation.

30. Accordingly, Defendants have not alleged any facts showing that MIG meets the legal basis cited by OFAC in the Federal Register in support of its designation.

31. Defendants' conflation of separate and distinct legal authorities in order to uphold its designation of MIG constitutes a violation of the APA and should be set aside by this Court.

## COUNT III

### DEFENDANTS' USE OF IRRELEVANT, IMMATERIAL, OR UNDULY REPETITIOUS EVIDENCE TO DESIGNATE MAMMUT INDUSTRIAL GROUP UNDER E.O. 13382 VIOLATES THE APA

32. MIG re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

33. Defendants' designation of MIG under E.O. 13382 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Further, the Defendants' designation of MIG was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right because the evidence relied upon was irrelevant, immaterial, or unduly repetitious to the criteria of either section 1(a)(iii) or section 1(a)(iv) of E.O. 13382, in violation of 5 U.S.C. § 556(d).

34. Defendants' reliance on irrelevant, immaterial, and/or unduly repetitious evidence constitutes a violation of the APA and should be jointly or severally set aside by this Court.

## COUNT IV

### DEFENDANTS' RELIANCE ON HISTORICAL CONDUCT TO DESIGNATE MAMMUT INDUSTRIAL GROUP UNDER E.O. 13382 IS ARBITRARY, CAPRICIOUS, AN ABUSE OF DISCRETION, AND OTHERWISE NOT IN ACCORDANCE WITH LAW AND VIOLATES THE APA

35. MIG re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

36. Defendants' designation of MIG pursuant to E.O. 13382 constitutes final agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This is because Defendants' conclusion that MIG meets the criteria for designation is based on unsupported alleged historical conduct that does not satisfy the designation criteria of E.O. 13382, regardless of which section OFAC relied upon.

37. In designating MIG under E.O. 13382, Defendants improperly and solely relied on historical information. Thus, the designation was arbitrary and capricious, made in abuse of OFAC's discretion, and was otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Therefore, MIG's designation violates the APA and should be set aside by this Court.

## RELIEF REQUESTED

WHEREFORE, Mammut Industrial Group respectfully requests that this Court:

- A. Review all material that OFAC relied upon—including classified and law enforcement privileged information—in designating MIG;
- B. Declare Defendants' reliance on irrelevant, immaterial, non-reliable, non-probative, or non-substantial evidence to designate MIG to be unlawful under the APA, and jointly or severally set aside that evidence;
- C. Declare unlawful and set aside any agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and jointly or severally set aside those actions, findings, and/or conclusions;
- D. Declare unlawful and set aside any agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and jointly or severally set aside those actions, findings, and/or conclusions;
- E. Declare MIG's designation unlawful under the APA;
- F. Declare and/or order Defendants to rescind MIG's designation under E.O. 13382 and remove its name from OFAC's SDN List;
- G. Vacate the designation of MIG as a SDN;

H.      Grant an award to MIG of costs and attorneys' fees incurred in this action; and

I.      Award MIG any other further relief as the Court may deem just and proper.

Dated: November 13, 2020

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Mammut Industrial Group*